May it please the Court. My name is Michael Park from Deckert. I represent the appellant, Mr. Tom, in this matter. I'd like to reserve three minutes for rebuttal, please. You're pro bono, right? Yes, Your Honor. I figured. Mr. Tom has been ordered to be removed from the country. He claims that he's a U.S. citizen, but has been denied his day in court to prove that claim. The Real ID Act of 2005 has cut off the right of habeas corpus to challenge removal orders, and the only way... You know, what if he does have a right? I understand you're saying that the petition for review route to us does not satisfy his constitutional right, arguably, under the suspension clause to have a court in the first instance review his claim. But why wouldn't substituting the court of appeal review via petition for review be sufficient to satisfy the suspension clause prohibition? Well, Your Honor, in this case there's a citizenship claim, which makes it a unique situation where the court always has jurisdiction to determine its own jurisdiction. But on top of that, the 30-day limit, as we argue, is an insufficient substitute. It's an inadequate substitute for habeas. No court has so held. Isn't that right? But no court has held... Well, I don't know. Did any court hold that the 30 days is not constitutionally sufficient? Well, to borrow Judge McKee's comment from earlier, we're hoping that case is Tom versus Attorney General. Well... In fact, this court has held to the contrary. You're referring to the Koklovich case, Your Honor? Yes, yes. We've held to the contrary. Well, we believe Koklovich is not controlling here. First of all, again, it did not involve a citizenship claim. And that here is the entire essence of Mr. Tom's... But we said a habeas claim has to be made within 30 days. There's a scripting of district court jurisdiction. All appeals are to the court of appeals. Well, the context there as well was slightly different. The Koklovich case was dealing with a situation where Petitioners had sort of fallen within a gap where they had failed to exercise their right and then the statute had extinguished it. And the court there held that the 30 days... It would, in fact, give them an additional 30 days to put them in the same place, on the same footing as Petitioners after the act was passed. And so it wasn't in saying... The court wasn't in saying that 30 days was a reasonable period, opining on the adequacy as a substitute for habeas, but rather as an extension of time to put those Petitioners on the same footing as those Petitioners after the act was passed. If you're right about that, then how do we as a court determine where to draw the line? If 30 days is too short, EPPA says a year, what do we as a court look to for that policy determination as to when, where you draw the line, and the amount of time that's reasonable to restrain a habeas right? A few responses, Your Honor. First, I think the one-year period is the principal guidepost that we have to determine the adequacy of a length of time. Why couldn't Congress determine that something less was also okay? Excuse me, sir? Why couldn't Congress determine that something less than one year... Well, and that was my second point. This is not EPPA. I mean, Congress said one year in EPPA. This is a different statute. That's right, Your Honor. This would be ultimately up to Congress, and respectfully, though... We're not Congress. That's right. But respectfully, the court doesn't need to adjudicate what time period would be sufficient, but merely to find that 30 days is not. And again, the principal guidepost being EPPA here. Courts have held that the one-year period in that context was constitutionally suspect, and the only reason it was upheld was because courts allowed for equitable tolling. Well, are you asking for a facial or as-applied situation here concerning the 30 days? Because your client is not a very good client, a prospective client for saying that 30 days is insufficient because he didn't really pursue his rights in this matter in the first place. Well, Your Honor, our client, for practical reasons, did not know to exercise his right to file a PFR within 30 days. Well, it's assumed that the law is supposed to be assumed to be known by, you know, and... Well, it's relevant, Your Honor. I think that, you know, practical considerations come into play. For example, if the statute said one week, that would likely be unconstitutional because, as a practical matter, it wouldn't allow sufficient time to file a petition. Well, my basic question, is this as-applied to him, or do you have a facial challenge to the 30 days habeas cutoff here? On the habeas argument, Your Honor, it's a facial challenge. On the citizenship claim, I think it's as-applied. I'm not sure I understand the difference. Well, I mean, either he was on time or he wasn't. Isn't that right? I mean, is there another way that you can go about this to avoid challenging the REAL ID Act, stripping the federal court of jurisdiction? It's really a hard road to go. Isn't there anything else? Well, yes, Your Honor. The REAL ID Act we submit is unconstitutional as-applied to Mr. Tom because it would prevent him from receiving judicial review of his citizenship claim. Well, anybody who misses a time limit will be prevented, if that's applicable here. I got the feeling, and I will ask the government, that the government, doesn't the government argue that he still has options? Yes, Your Honor, the government. What are the options? The government argues that the options that are available as substitutes here are form M-600 citizenship application and a motion to reopen. And we would submit that they're wrong, first as a matter of law, that exhaustion. You want to argue, you really want to argue that there's no other way? Isn't it to your client's advantage to argue that there are ways and that he can still take them? Well, those ways, Your Honor, do not provide for judicial review, and that's the key problem here is that a citizenship application, if denied, when the nationality claim arose in the context of a removal proceeding, petitioners are not allowed to seek declaratory judgment action in district court. Yeah, but even if he's deported and he loses this proceeding, are you saying that once he's deported he cannot apply under federal law for a certificate of citizenship and go through the procedure that has been allowed through the State Department administrative proceeding and then to the district court, if he wants to appeal it, to determine that he is a citizen? Sure, Your Honor. We're not arguing that he couldn't do these other things. Well, instead of declaring an act of Congress unconstitutional, why shouldn't we say he should do the things he can do? Well, because the problem with those remedies, again, Your Honor, is that they do not provide an avenue for judicial review. In a motion to reopen… Mr. Park, it's called pay the $2. I don't know if that's true or not, but the lawyer who insists his client remain in prison so that he can challenge the constitutionality of the parking restriction and the lawyer's looking better and better and better as time goes on and the client's looking worse and worse and worse, and the bottom line is pay the traffic ticket, pay the traffic ticket. Your Honor, we're happy to do that. That is not at all our situation here. Why not? Why isn't that the situation? If he can still apply for a certificate of citizenship, why isn't that the answer? Because if it were… I mean, either he gets derivative citizenship. It's not a hard process, by the way. I've been through it from relatives, and, you know, it's not hard. He's got to come up. Do we have the Guyana divorce decree? I was going to ask that. Do we have that? Your Honor, it's not, unfortunately, in the joint appendix because he was Thomas representing himself pro se. You know, we're happy to provide it, and I can tell you that it does not award custody to his mother, which is one of the factual problems. Does it award custody to the father? No. It's silent on it, and it doesn't… Well, then, isn't there, or shouldn't there be, isn't there a theory that if he was in the physical custody of the father from the time he was 14 in this country, that that satisfies custody? Was that argued to the authorities? I don't know if it was argued in those terms, but certainly the question of Tom's nationality, his citizenship was something that he raised throughout the entire proceedings. Yeah, and he couldn't file under his, he couldn't come in under his mother because it was three months late in terms of when he… After he turned 18. That's right. But it seems to me he was in, he was, wasn't, aren't the facts, let's make sure we understand the facts. Sure. Aren't the facts that he came to this country and he was in the actual custody of the father since he was 14? I don't know if it was a continuous period. There may have been some moving around. Wait a minute. Then it's not so clear. It has to be legal custody under, and I assume 1423, 1432, 83 is what controls here? That's right. Respectfully, Your Honor, it's… It has to be legal custody. Yes, but we're not asking the court at this juncture to determine the factual record. I think that's exactly what we are asking for is the opportunity. No, what we're trying to get to is whether or not there's a simple solution here to make certain that the government does not deport somebody who is a U.S. citizen. Right, and resubmit them. If he was, and if you can show that he was in the, quote, legal custody, and I guess that's where the plot thickens, then the simple thing it seems to me is to, you want the opportunity to show that your client is a U.S. citizen, move to the opener, go back to the BIA or the IJ, introduce something that shows that he was in the legal custody of the father at the time of the separation before he was 18, and you've got yourself a U.S. citizen and he can't be sent back to Guyana, which is simpler than, I think you can sense the fact that we're not super comfortable, despite what some folks seem to think we get up in the morning looking forward to do, we're not super comfortable striking down an act of Congress and declaring it unconstitutional. If there's an easier, if it's unconstitutional, it's unconstitutional. If there's a way around that, the law says we need to go around that. Sure. And isn't, Judge McKee keeps saying legal custody, and you keep pushing back on that, and I have the feeling, do you know, are there facts that show that he didn't stay in the custody of his father from the time he was 14 to the time he was 18? They're not in the record, and I think that would be the reason why we would need a judicial review to have an opportunity to flesh out that. Well, you don't need a judicial review for that, you need a hearing. Yeah, a hearing, a fact hearing. Well, what's wrong with an administrative review? Well, the administrative review is open to the discretion of the government, and if denied, the core problem here is that it would not lead to an avenue to judicial review. A motion to reopen simply would raise the same arguments that Tom has already raised and therefore would be futile, and it's not an avenue. Well, but there was an error clearly made because the BIA assumed it was, assumed for whatever reason, that the custody was awarded to the mother. And you're saying that that's, you can demonstrate that that's just wrong. That is a factual error, Your Honor. All right. Go ahead. So why not move to reopen to clarify that factual error? Now, I know your response on one level is because that's not the judicial review you're entitled to under the suspension clause, but if it gets your client citizenship, maybe that's. If the government would agree to, you know, not to oppose a motion to reopen and we would have an opportunity to do that, Tom would welcome that. But judicial review really is the touchstone to check on executive power from deporting U.S. citizens. Yeah, but if the fact, I mean, we depend on the agency to tell us what the facts are. I mean, we, in the first instance. And it's not clear to me what the facts are. And I'm not sure that actual custody is not. Legal custody. Yeah. Right. Effectively a substitute for legal custody. And it may well be. If you have no piece of paper that says the mother is awarded legal custody or the father is awarded legal custody, then. Someone held legal custody, yeah. Well, yeah. I mean, he's a kid. But if he's living with his father, was he living with his father? Yes, Your Honor. In New York? Well, and as far as you know, or as far as the facts show, was he living with his father consistently until he was 18? I'm not sure about that part, Your Honor, which is why I've been hesitant. Doesn't somebody have his passport? I mean, if he went out of the country, then the passport would have a stamp. I mean, I just was in the country. Our understanding is he did not leave the country. I don't know if there may have been a time when he was with his grandmother. We just haven't had an opportunity to delve down into that. Oh, there's a grandmother in the picture. Look, regardless of the facts of the case, you missed the 30-day filing, correct? Yes, Your Honor. All right. And if the 30-day is not an unconstitutional suspension of habeas, you lose, correct? Yes, Your Honor. All right. But that doesn't prevent you from filing even if you're out of the country. As a matter of fact, I don't know why you can't file it even while he's in jail with the State Department and seeking to get a certification of citizenship and go through the administrative proceeding, which you can appeal to the district court. No, he says you can't. Oh, no, wait. There's an appeal of leaving. The citizenship determination, the suspension on that. If you disagree with the administrative determination, my understanding is you have an appeal to the district court. That's foreclosed here, Your Honor. I say that my time has expired. Why is it foreclosed here? Yeah. This is not res judicata if we don't rule on the merits. That's right. This is we're giving you a procedural dismissal here. We're not ruling on the merits that he is or is not a citizen. Why did you say it was foreclosed? 8 U.S.C. 1503A1 states that, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States arose by reason of or in connection with any removal proceeding  And that's the situation here, Your Honor. But we're making no, we've made no merits determination here. We've made a purely procedural, if we disagree with you, we've made a procedural decision which has not ruled on the merits of your citizenship. But it arose under 1503A1. It arose by reason of or in connection with any removal proceeding. That's what you're saying. That's under the real idea. Right. So, I mean, our client wants a day in court to prove his citizenship claim. And I think that would not provide that. Well, then you're back to the basic question as to whether or not the 30 days is a constitutional suspension. And the citizenship allocation is not an adequate and effective substitute for a habeas right. So you say it's unconstitutionalized as citizenship. Any other aspect of the statute that you feel is unconstitutional? No, no, that's already the PFR. Well, why is 30 days unreasonable? I mean, first of all, he speaks English because English is the language of Guyana, right? Yes, Your Honor. Okay, so there's no question here that he didn't understand everything. So why is 30 days unreasonable? Well, for the reasons I explained earlier. First, by analogy to the one-year EDPA. Yeah, but Congress didn't want to analogize. Congress wanted to make this short. So it made it 30 days. He can't say because under some other statute he would have three years, he should have three years under this. This is Congress's decision. That's right, Your Honor. But courts have in that context found the one-year period to be constitutionally suspect. And 30 days being far less than one year without allowing for equitable tolling, a fortiori would be constitutionally problematic. How late was he here beyond the 30 days? How late? About eight months, I believe. Eight months. Now, let me ask something. You're asking for an as-applied determination that this is unconstitutional under the suspension clause. How could we say as-applied he slept on his rights for over eight months and that the statute, therefore, is unconstitutional as to him when he himself didn't recognize rights that he had? Well, no, Your Honor. With respect to the 30-day period for PFR, our argument is a facial one. The as-applied challenge has to do with his citizenship claim, that he has not had an opportunity to have his day in court to prove that he's a U.S. citizen. The only court that I know of that said 30 days wasn't enough was the Ninth Circuit. Is that right? In Ieyasu? Yes, Your Honor. That's the only one. So you can't say courts when in answer to the question you said, well, courts have disregarded or have let the 30 days pass. But it's just the Ninth Circuit. And the Ninth Circuit doesn't do too great in the Supreme Court. No comment, Your Honor. We believe that is persuasive authority. All right. Well, we'll hear from the government. Thank you, Your Honor. Thanks. And that's from your job. I'm sorry. I'm on this side. Good morning. May it please the Court. Peter O'Malley, Assistant U.S. Attorney. I represent the respondent. Mr. O'Malley, as I read your brief, I thought you said, gee, there are a number of things that this guy could do other than challenge. Let's assume that we're not going to. I don't know. The most analogous case that we came up with was the Ninth Circuit in Ieyasu. And without getting into that discussion about the Ninth Circuit, their logic in this case makes a certain amount of sense, that he does have the avenue of going back, filing a petition to reopen, and if that's denied, seek review under 1252 of the denial of the motion to reopen. Would the government object to him reopening? That decision is made by the ICE District Council. That's not fair. I mean, you write a brief to this Court, and you tell us that he has other avenues. So I think we have to, this is it. This is the time. Does he have other avenues? Are they viable avenues, and will the government object to them? I mean, it seems to me you have to come before us with authority to say what the government's position will be. Well, you don't want to lose your job, but in fairness, we're dealing with a situation where the government is trying to deport someone who may well be a U.S. citizen. And I understand that you're here as an advocate, but you're also here as an officer. But he hasn't gone about pursuing that in a very deciduous manner. And you represent all the people of the United States, possibly even Mr. Tom. He may well be your client here. What is the government's interest in not determining whether or not this guy is really a U.S. citizen? How is it in the interest of the United States to create a scenario where because of the hoops and hurdles of AEDPA and the Real ID Act, they may end up deporting someone they have absolutely no authority to deport? So why not just let them go back, file a motion to reopen. They have a hearing. I don't know if the father can come in or not. I don't know where the father is. They have a decree, he says, Mr. Park says, that will show on his face an error of fact, that there's nothing in there that says the custody was awarded to the mother. Well, the BIA didn't actually rule that. I mean, if you look at page 78 of the appendix, that's the last paragraph before the footnote. I guess this guy's name is Brian O'Leary, it looks like, with the signature from the board members. There's no argument made by the respondent that the naturalization date of his father should control due to his parents' 1988 divorce, but it's likely because the divorce decree awarded custody to his mother. Now, I don't know whether that means that nothing was presented, but he's indicating that he had not raised the argument that it was based on his father. So if that's a new claim, I'm sorry. Was he pro se at that point? I believe so. Well, then we come back to the same place. Why not, just in fairness to everybody, including the folks of the United States, why not just send it back to the BIA and determine whether or not he can show he's a U.S. citizen? If he can't show he's a U.S. citizen, that may well be the end of it. But if he can show he's a U.S. citizen, everybody wins. You win because they're all saying the government wins. Don't worry about whether or not the government wins or loses. The government wins whenever justice is done. You win because you, Mr. O'Malley, have prevented your government from deporting somebody who is a U.S. citizen. They may even give you a citation for that. Perhaps not. But why not do that? What is the problem with that? If he has a claim based on derivative citizenship through his father that he didn't raise before, why would that be a claim that would be barred under 1503A1? Because he didn't know enough to raise. Lots of times we say we can't really hold a pro se person. He was a kid also. Well, he was in his late 20s at the time of this. Yeah, and he'd be in jail anyway because he's committed all these narcotics. But that gets before it. If he has a new claim based on this argument about the custody of his father and his father's naturalization, which predates the mother's, then that was not raised. If that wasn't raised in this proceeding, then that means arguably on his part, it's not barred by 1503A1 because it did not arise in the context of the removal proceeding. Okay. On the other hand, before we get there, there's an underlying jurisdictional problem here that gets to the question of whether you want to be ruling on the constitutionality of the statute in a case where there may not have been any jurisdiction. But the Supreme Court tells us to avoid constitutional issues if you can. So we're trying to avoid a constitutional issue. I have a way to do it. Did I misunderstand your brief? Didn't you say he does have other options and one is a petition for reconsideration? Correct. That's a reopening. That's what Yasu used as a rationale for avoiding the constitutionality argument. Would you object to such an application on the merits? It's not something I had discussed with the agency. I can't understand. We could strongly recommend to them not to object. Okay. If you want to answer that question, let me answer it. But I want to get to my jurisdictional point. Excuse me, sir. If you want to answer that question, let me ask you another one. If he made an application to get a certificate of citizenship with the State Department and go through the administrative proceedings, would you object to that on the grounds that it previously had been raised in a removal proceeding or that it was raised due to comment or some other? Would you allow that to go to a hearing on the merits? I don't believe those are adversarial. Pardon? I don't believe that that's an adversarial proceeding. That goes through CIS, Customs and Immigration Services, and I think that's an administrative proceeding where it's not like a hearing before an IJ. If they deny it, it goes to the district court. Correct. Where it is definitely adversarial. Right. At that point. Yes. So the question is, would you allow that proceeding to go without objecting that it had previously been part of a removal proceeding or that the question was raised due to comment or collateral or something? Do you want to answer that one either? At the point, I would have to consult with Maine Justice in Washington. They are the ones, for their policy reasons, they don't allow the rogues in the U.S. Attorney's offices to go off on our own, so I can't commit to that at this point. I understand that. But what I did want to. Has he had a determination on the certificate of citizenship somewhere? I don't believe he has. Okay. So there can't be racial. There was nothing in the record on this case. So Judge Cannon was hypothesizing the possibility of raising race due to comment or collateral or something. As far as I can tell, he never had. Am I right? From your review of the record, he's never had a determination as to whether he'd raise it or not. He's never had a determination that he cannot derive citizenship from his father. Is that right? That's what I gather from the BIA decision. But he had the opportunity to raise it. He had the opportunity to raise it, but since he's pro se. But he had the opportunity to raise it, and he did not, correct? He must have brought it up somewhere in his papers before the BIA because they refer to it in this kind of offhand way that there was no argument made about it. So I don't know why they would say there was no argument made about it if he didn't say something about it, but why discuss it at all? Well, maybe they thought of it like we sometimes do. Possibly. Well, if it's race due to comment, it's race due to comment as to what was decided or could have been decided. And the question is, you don't know whether or not you would object to any proceeding for him to try to prove citizenship in a later proceeding. Speaking philosophically, I don't see why it would be, with all the considerations that have been raised by this panel, to the government's interest to oppose that on those grounds if it did come to that and if it did look like there was a reasonable basis, but I am not in a position to commit one way or the other at this point. We don't want to put you off on that. I don't know how it would be in the government's interest either. But I do have – The concern, the stumbling block may be 15-03 because whether or not the court, if it gets to the district court and it's denied the derivative proceeding and it goes to the district court, there would be an issue about whether or not the issue arose by reason of or in connection with any removal proceeding. At that point, if the government says, wait a minute, this arose in connection with, then there could be a stumbling block that the government could throw into the middle of things. But there's another underlying jurisdictional issue here that is sort of slipping past everyone's notice. When Mr. Tom filed this petition, he was in – Which petition? The current habeas petition that led to this appeal. He was in the custody of the state of New Jersey serving a criminal conviction sentence. Narcotics. He was not in the custody of ICE, Immigration and Customs. They didn't want to detain her out? There was this case law that says even if they had, that he's not yet in our custody or the federal government's custody because he's still detained by the state. And won't be picked up until – But they put the detainers out while they're in the custody of the state. That happens a lot of times. There's an unreported case from this court that says that – You're saying it doesn't matter, even if there's a detainer. Green v. Apker, A-P-K-E-R, 153 Federal Appendix 77. An 05 decision, unreported. From this court, it does say that if a prisoner is serving a criminal sentence, he's not in ICE custody even if ICE had lodged a detainer. I don't know if it's in the record whether there was a detainer in this case. Things that are not reported are not precedential. Correct. But we've made this argument before, and I don't know if there's a precedential decision from this court holding otherwise. But if he's not yet in federal custody – So what's the effect of that? Well, then there would be no jurisdiction to entertain a petition based on a challenge to federal custody if he hasn't yet gotten there. It's not yet ripe for adjudication. So, therefore, he can start afresh? What? Well, under the old law, he could have. What's the point of that? If there's no jurisdiction, then all these arguments are sort of in the abstract because if we don't – No, there's no jurisdiction. They can file a new habeas. I mean, there's no – Except that 22 – except that real ID doesn't allow that. Are you saying that we have no jurisdiction because he's not in custody? Correct. Well – That's a difficult – But most of them are filed by people who are in – People in state jail. But usually the immigration ones are filed by people who are either in the detention centers or in a state jail being held by ICE pending execution of the removal order, not in a case like this where he's still serving his state sentence and hasn't yet gotten to the point where they're trying – Yeah, but you have a detainer on him. If they released him tomorrow, he'd be in federal custody. So that argument – Well, that's the case where he's serving life. He's not doing that in federal. No, but I'm saying that the other case we just heard, he's in state custody. Just briefly to address – You don't deny that he's in federal custody tomorrow if they released him from state custody. Correct. Do you know whether a detainer was served? I don't think it was part of the record in this case. So I don't know. If he had a few years to go on his sentence, which I think – I thought he had a projected release date of 2012, unless I'm confusing that with another case. I thought he had a projected release date. I think it was 2009 to 2012. Well, even if there wasn't one filed at this point – He's not going anywhere. He's not going out on the street without being picked up. But if he were released tomorrow, the government could file a detainer and pick him up. Right. But just before I run out of time, just on the courts – You're not going to run out of time if we're – Right, no. But I just wanted to get to the Coram Nobis question that came up at 5 o'clock on Friday. Rule 60E of the Federal Rules of Civil Procedure abolishes Coram Nobis, Coram Vobis, and a lot of other old writs in civil cases. That's why all the cases that you can find on it are criminal cases, where they're still subject to the All Writs Act. So we would say that, no, that wouldn't provide another – Yeah. And if there are no other questions – Well, it just seems to us – I don't care to talk about it. It seems to me that he ought to have a chance to show, have a neutral – Yeah. And frankly, an agency is a neutral decision-maker also. I mean, I know that – to show that he's a citizen. Someone needs to take a look at this to determine whether or not this guy's a U.S. citizen. I think you have an agree-it's-not-in-the-government's interest for that not to happen. To determine whether or not this is – He didn't say that. He said he couldn't think of a reason why it wouldn't be in the government's interest. Okay. I mean, I understand he's authorized to do just so much and no more. Well, if the case comes back to the agency, then we'll have to talk to them. We'll do what? We'll have to talk to them. To the agency. Correct. I mean, they may review it in a completely different light if it's – If we say they should. Well, they'll have to. Thank you. Thank you. Thank you. Just a few points in rebuttal, Your Honors. First of all, the jurisdictional question. I believe it's wrong as a matter of law. Mr. Tom does have a detainer on him. He does? Yes, I believe so.  Is that a yes or is that a no? I don't know. It's – You don't know? I think so. I'm not positive. I'd have to check. He's checked. Have you checked? In any event, as a matter of law – That's a no. Excuse me? Did you check? Do you know if there's a detainer on him? Are you guessing based upon usual practice? I'm guessing based on my memory of reviewing the case file. But I'm happy to –   That's right. I'm happy to submit a letter to the court confirming that later today if that would satisfy us. It really doesn't matter. But in any event, this is not an argument that the government raised before, and it really doesn't have any practical effect on the case. Secondly, as you could tell from the government's argument and their reluctance to agree not to oppose further proceedings, the alternatives – It's not his authority. It's not his fault. We've had that before. Well, we would be open to discussing that with the government if they would agree not to oppose. But, you know, the core of our claim here is that these – You mean they'll discuss it if they come out your way? Well, it goes to the essence. These alternatives that the government offers are not actually alternatives at all. They put you in the same – they would put Tom in the same process that got him where he is right now. But if that process got him citizenship, my guess is – I mean, there's still a kind of really fascinating larvae article lurking here. But who cares? I mean, if it gets him what he needs, the citizenship, maybe another day somebody will come along and stumble on this issue and get tenure writing about it. That's right, Your Honor. But the real issue here seems to me is whether or not the guy is a U.S. citizen. I understand your perspective is also whether or not he has the right to bring that claim into a court. And there does seem to me, depending on how 1503A gets interpreted, that may be another way of getting it into a court. Yeah, but we would – I would prefer not to have to reach the suspension clause if there is any possible way to get the issue decided. And that's our instructions from above. We take instructions, too. Understood, Your Honor. Given the reluctance of the government – and we can understand it – to say that you can bring this up at a later date and they would not object to it, what, if anything, can we do except say, to rule for you, that the 30 days is unconstitutional suspension of the writ? Well, we would ask that the court remand to the district court for the limited question – for the consideration of the limited question whether Tom is a U.S. citizen. Yeah, how do we do that? We'd love to do that. What is the vehicle by which we can do that? May I say that my time has expired? No, no. Very nicely done, Mr. Farr. Very nicely done. Well, a court, as the Ninth Circuit held in Rivera, a non-frivolous citizenship claim is something that a court always has jurisdiction to hear. Judicial review must be allowed for a citizenship claim. Even though the statute says your time is up and, you know, I mean, what we're doing is looking at the statute that says we can't reach that issue. Well, we believe that the interaction there is that a court always has jurisdiction to determine its jurisdiction, to determine whether there was jurisdiction over the individual in the first place. And if he was a U.S. citizen, then the executive never had the authority, the Homeland Security, Department of Homeland Security, the IJ, the BIA, never had the authority to order time removed. So we would say it's a fundamental preliminary jurisdiction. The question is to basically carve out from the habeas suspension, to the extent that it purports to be in the Real ID Act, claims based upon a good-faith claim of citizenship, that the Congress could not have subjected good-faith claims of citizenship to the kind of restriction that comes out of the Real ID Act. That's right, Your Honor. I think it would be a carve-out for a non-frivolous claim of citizenship. How could we do that when he had a right before the IJ, the BIA, and us at the time we filed to prove citizenship? He had a right and he blew it. Well, I don't think he blew it, Your Honor. He raised this claim throughout the process, and, you know, he was representing himself pro se, and so the arguments may not have been made as clearly as they would have with the benefit of counsel. At what level did he get counsel? Just for this appeal? Yes, that's right. And lastly, on the BIA record, I know there's some colloquy with that with the government. I would refer the Court to Joint Appendix Pages 11 and 12, where it's clear that the BIA actually made a mistake of fact in saying what the divorce decree stated and what Tom argued with respect to the naturalization of his father. It wasn't only that. I thought somewhere along the line somebody made a mistake and said he had to have citizenship under both the mother and the father. I don't remember that. The IJ's oral opinion, I think, may have said that. And that's in the record? Yes, that's right. I think I read that, and I thought that was clearly wrong. Yeah, the Appellant's Brief at Page 14, I think, goes into detail with some of the discrepancies in the record below. We respectfully request that the Court remand the case for consideration of Tom's citizenship claim. Remand it to? The District Court.  I thought we were all smoothly sailing along there. I shouldn't have asked the question. Remand it to the BIA. Remand it to the IJ. Do that. Well, or remand it to the District Court. Then we come with the government opposing to it. Well, yeah, exactly, Your Honor. We would end up in the same position. It depends on the government's position. Because you'd have to file a motion to reopen. That's right. If we remand it to the BIA, you wouldn't have to file a motion to reopen, would you? Because there are clearly mistakes on the record. Who does this come from, the District Court? It comes from the District Court of New Jersey. I know, but why can't we remand it to the BIA? We can. It didn't come from them. It wouldn't be a remand. That's right, Your Honor. It previously had been before the BIA. Yes. It can't be remanded. This case had formerly been before the IJ and the BIA. What would prevent us from remanding this back to the BIA in the case that originally he appealed to the BIA from the IJ? I'm not sure about the authority of the Court to do that, Your Honor. Never mind. We are appealing from a denial of habeas from the District Court, and so I think that's the proper posture. And that was just a habeas filed in the District Court. There's no way I can see that we can get into the administrative process. It didn't come to us from the administrative process. That's right. The posture at this point is on appeal from the District Court's denial of habeas. You'd have to file a petition to reopen with the BIA, and we could maybe write something which would help that. Yeah. It's all we can do. Well, I don't know. It's all we can do. We'll see. Well, we'll talk about it. Okay, you've given us a lot to talk about. Thank you, Your Honor. Thank you.